## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Thomas Roehrman, and AnnaMarie Stapinski, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:24-cv-01039-TWP-MG |
| | ) | |
| Plaintiffs, | ) | **CLASS ACTION** |
| | ) | **JURY DEMAND** |
| v. | ) | |
| | ) | |
| Malwarebytes Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

For its Answer to Plaintiffs' Complaint, Defendant, Malwarebytes Inc. ("Malwarebytes"), states as follows:

Except as expressly admitted or qualified, Malwarebytes denies each and every allegation of Plaintiffs' Complaint.

## NATURE OF THE ACTION

1.     This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and Federal Communications Commission ("FCC") implementing regulations.

**ANSWER:** Malwarebytes admits that Plaintiffs' Complaint purports to allege Malwarebytes violated the TCPA and the FCC implementing regulations. Malwarebytes denies that it violated the TCPA and/or FCC implementing regulations. Malwarebytes denies the remaining allegations in paragraph 1 of Plaintiffs' Complaint.

2.      Through its enactment of the TCPA, Congress "targeted unwanted text messages (as well as unwanted phone messages.)"  *Drazen v. Pinto*, 74 F.4th 1336, 1343 n.5 (11th Cir. 2023).

**ANSWER:** Malwarebytes admits that paragraph 2 of Plaintiffs' Complaint purports to recite language from *Drazen v. Pinto*, 74 F.4th 1336, 1343 n.5 (11th Cir. 2023).  Malwarebytes states that *Drazen v. Pinto*, 74 F.4th 1336, 1343 n.5 (11th Cir. 2023) speaks for itself and therefore denies any inconsistent allegations in this paragraph.  Malwarebytes denies the remaining allegations in paragraph 2 of Plaintiffs' Complaint.

3.      To promote its goods and services, Defendant, and/or its agents acting as a common enterprise, knowingly and willfully engages in unsolicited text message marketing to consumers in violation of the TCPA.

**ANSWER:** Malwarebytes denies the allegations in paragraph 3 of Plaintiffs' Complaint.

4.      As alleged herein, Defendant repeatedly violated the TCPA by (1) sending automated text messages to Plaintiffs and the proposed Classes (the "Class," defined below) without prior express written consent; and (2) sending telemarketing text messages to Plaintiffs and the Class members while their phone numbers were registered on the national do-not-call ("DNC") registry without prior express written consent.

**ANSWER:** Malwarebytes denies the allegations in paragraph 4 of Plaintiffs' Complaint.

5. Through this action, Plaintiffs seek an award of statutory damages to Plaintiffs and the Class, as well as injunctive relief ending Defendant's unlawful conduct that has resulted in intrusion into Plaintiffs' and the Class's peace and quiet in a realm that is private and personal to Plaintiffs and the Class members. *See Drazen*, 74 F.4th at 1345.

**ANSWER:** Malwarebytes admits that paragraph 5 of Plaintiffs' Complaint purports to seeks damages and injunctive relief. Malwarebytes denies that it is liable to Plaintiffs for any alleged damages and denies that Plaintiffs are entitled to injunctive relief. Malwarebytes denies the remaining allegations in paragraph 5 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over Plaintiffs' federal TCPA claims pursuant to 28 U.S.C. § 1331.

**ANSWER:** Malwarebytes admits that Plaintiffs have alleged federal question subject matter jurisdiction based on the TCPA. Malwarebytes states this is a legal conclusion not subject to admission or denial.

7. This Court has personal jurisdiction over Defendant because Defendant purposefully directed its activities at Indiana residents and/or purposefully availed itself of the privilege of conducting business in Indiana by delivering its products into the stream of commerce with the expectation and/or awareness that they will be purchased by consumers in the state of Indiana, maintaining commercial websites through which Indiana consumers can purchase Defendant's products, and selling its

products to Indiana consumers located in Indiana and, thus, Defendant has sufficient minimum contacts with the state of Indiana. Personal jurisdiction over Defendant also exists because Plaintiffs' injuries alleged herein directly arise out of and/or relate to Defendant's text message solicitations to Indiana consumers to sell its products to Indiana consumers in Indiana. Personal jurisdiction over Defendant also exists because this Court's exercise of personal jurisdiction over Defendant is reasonable, satisfies due process, and comports with traditional notions of fair play and substantial justice in that the burden on Defendant in defending this action is minimal in light of modem technologies, Plaintiffs have a strong interest in having their rights heard and adjudicated in their chosen forum in their state of residence where they were harmed by Defendant, and the State of Indiana has a strong interest in regulating and efficiently resolving disputes between its residents and companies that cause harm to consumers in Indiana.

**ANSWER:** Malwarebytes admits that Plaintiffs have alleged this Court has personal jurisdiction but denies the remaining allegations in paragraph 7 of Plaintiffs' Complaint.

8.      In the alternative, this Court has personal jurisdiction over Defendant because third-parties who transmitted the subject text messages to Plaintiffs and consumers in Indiana were acting as Defendant's agents when transmitting such unlawful text messages on behalf of Defendant and, thus, the unlawful text messages of Defendant's agent are attributed to Defendant as the principal for the purpose of determining personal jurisdiction.

**ANSWER:** Malwarebytes admits that Plaintiffs have alleged this Court has personal jurisdiction but denies the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:** Malwarebytes admits that Plaintiffs have alleged venue in this district is proper pursuant to 28 U.S.C. § 1391.  Malwarebytes states this is a legal conclusion not subject to admission or denial.

## PARTIES

10.      Plaintiff Thomas Roehrman is a natural person and, at all relevant times, was a resident of Hendricks County, Indiana.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegation in Paragraph 10 of Plaintiffs' Complaint and therefore denies the same.

11.      Plaintiff Annamarie Stapinski is a natural person and, at all relevant times, was a resident of Hendricks County, Indiana.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegation in Paragraph 11 of Plaintiffs' Complaint and therefore denies the same.

12.      Defendant Malwarebytes Inc. is a Delaware corporation with its principal place of business in Santa Clara, California.

**ANSWER:** Malwarebytes admits the allegations in paragraph 12 of Plaintiffs' Complaint.

13.     Non-Party Wewe Media Group Pte Ltd. ("Wewe Media") is a Singapore corporation that describes itself as a dynamic and globally recognized performance marketing network. Upon information and belief, and as alleged herein, Wewe Media is an affiliate marketer of Defendant Malwarebytes and, at all relevant times, acted as Defendant's agent in transmitting the text message solicitations at issue.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny whether Non-Party Wewe Media Group Pte Ltd. ("Wewe Media") is a Singapore corporation that describes itself as a dynamic and globally recognized performance marketing network and therefore denies the same.  Malwarebytes denies the remaining allegations in paragraph 13 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

14.     To promote the sale of its goods and services, Defendant engages in aggressive and intrusive telemarketing using automated technology to send text message solicitations to consumers, including Plaintiffs and the Class members, without their prior express written consent, including to consumers whose phone numbers are registered on the national DNC registry, all in violation of the TCPA.

**ANSWER:** Malwarebytes denies the allegations in paragraph 14 of Plaintiffs' Complaint.

### A.     Defendant's unlawful text message solicitations to Plaintiff Roehrman.

15.     Commencing on or about September 16, 2023, Plaintiff Roehrman began being bombarded with automated text messages to his cellular telephone number ending 7298 (the "7298 Number"), as shown below.



**Screen 1 (zcwe7t):**

← zcwe7t ◻ 📞 ⋮

1/1 result found  ‹ ›

Save +528110796775?
Saving this number will add a new contact  ✕

Report spam    Add contact

Saturday, Sep 16 · 1:38 PM

Hi Thomas Roehrman, U R G E N T 9jf.us/ZcWE7t Flx.

https://store.malwarebytes.com/342 /purl-bundle-affiliate?x-clickref= 1100lxKzDpHf

1:39 PM · SMS · AT&T

**Screen 2 (f0tvzn):**

← f0tvzn ◻ 📞 ⋮

1/1 result found  ‹ ›

Save +527822553664?
Saving this number will add a new contact  ✕

Report spam    Add contact

Tuesday, Sep 26 · 12:29 PM

Coming likely end of your service. Immediate iakgo.com/F0tVzN check is advised. . -

Wednesday, Sep 27 · 12:27 PM

http://hjktre.com/click.php?lp=1

12:27 PM · SMS · AT&T

**Screen 3 (zospdm.com):**

← zospdm.com ◻ 📞 ⋮

1/1 result found  ‹ ›

Save +525530462598?
Saving this number will add a new contact  ✕

Report spam    Add contact

Thursday, Sep 28 · 8:00 AM

Our scan revealed likely anomalous behavior occurring within this phone. Promptly zospdm.com/ascEW4 actuate to protect yourself. :|

Thursday, Sep 28 · 9:56 AM

https://store.malwarebytes.com/342 /purl-premium-aff-wewemedia?x -clickref=1011lxPT4Bkb

9:56 AM · SMS · AT&T



**Screen 4 (88u0hj):**

← 88u0hj ◻ 📞 ⋮

1/1 result found  ‹ ›

Save +525618827002?
Saving this number will add a new contact  ✕

Report spam    Add contact

Sunday, Oct 1 · 8:51 AM

A pending invoice threatens your membership status. rasojag.info/ 88UOHJ. Keep it secure and active swiftly!

Sunday, Oct 1 · 10:06 AM

https://store.malwarebytes.com/342 /purl-premium-aff-wewemedia?x -clickref=1011lxQekn9i

10:06 AM · SMS · AT&T

**Screen 5 (xvybkk):**

← xvybkk ◻ 📞 ⋮

1/1 result found  ‹ ›

Save +529581248150?
Saving this number will add a new contact  ✕

Report spam    Add contact

Thursday, Oct 5 · 10:57 AM

Battery Warning! Unwanted notifications might be exhausting your battery quickly. Respond immediately ceugaj.com/XvyBkk - danger is approaching! \" ]

https://store.malwarebytes.com/342 /purl-premium-aff-wewemedia?x -clickref=1100lxPMiqUp

11:56 AM · SMS · AT&T

**Screen 6 (wlryoz):**

← wlryoz ◻ 📞 ⋮

1/1 result found  ‹ ›

Save +524922162886?
Saving this number will add a new contact  ✕

Report spam    Add contact

Sunday, Oct 8 · 8:48 AM

Membership Interruption Warning: Access lbcvmsuv.info/wLRyOz now to eschewing any interruptions in your benefits.

https://store.malwarebytes.com/342 /purl-premium-aff-wewemedia?x -clickref=1100lxG9XnGm

8:49 AM · SMS · AT&T

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 15 of Plaintiffs' Complaint and therefore denies the same.

16. As shown in the above images, Plaintiff Roehrman continued to receive such text messages to his 7298 Number, including, without limitation, on September 26, 2023, September 28, 2023, October 1, 2023, October 5, 2023, and October 8, 2023.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 16 of Plaintiffs' Complaint and therefore denies the same.

17. Plaintiff Roehrman is the main user of the 7298 Number.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 17 of Plaintiffs' Complaint and therefore denies the same.

18. Plaintiff Roehrman registered his 7298 Number on the national DNC registry on April 04, 2008, and it has been so registered at all relevant times.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 18 of Plaintiffs' Complaint and therefore denies the same.

**B. Defendant's unlawful text message solicitations to Plaintiff Stapinski.**

19. Commencing on or about September 26, 2023, Plaintiff Stapinski began being bombarded with automated text messages to her cellular telephone number ending in 1463 (the "1463 Number"), as shown below.



**Left conversation:**

(705) 433-3791

Tuesday, September 26, 2023

Immediate Security Warning for Device:

Urgent steps are needed to ensure your device's security. Delete (8) potential security issues NOW.

zzncje.com/VPTDHy

MMS
11:16 PM

https://store.malwarebytes.com/342/purl-premium-aff-wewemedia?x-clickref=1011IxPNiHEo

11:22 PM

**Right conversation:**

(613) 676-1575

This message is from an unsaved number. Beware of smishing and phishing.

Block number

Wednesday, September 27, 2023

A upcoming termination of your membership is nearing. Rapid examination via haunvb.com/UkzGDC is strongly advised.

MMS
4:37 PM



**Left conversation — (438) 787-1582**

Wednesday, September 27, 2023

Alert: hiausne.com/ZVFWGh Noticed an unusual amount of spam. Take action and clean your device now.
MMS
10:18 PM

https://store.malwarebytes.com/342/purl-premium-aff-wewemedia?x-clickref=1100lxNZvtJf
10:30 PM

**Right conversation — (514) 502-3367**

Thursday, September 28, 2023

Immediate Action Required: Potential security threats geaiunv.com/tFKCQh have been identified in your system. Ensure your protection by visiting the link.
MMS
3:10 PM

https://store.malwarebytes.com/342/purl-premium-aff-wewemedia?x-clickref=1101lxPsDiiy
5:55 PM



**Left conversation — (514) 262-8972**

1:04

(514) 262-8972

Thursday, September 28, 2023

Risk Emblem: Your device might exhibit abnormalities. Changes may be noticed. Press fbmgk.com/gyAzQE to confirm details!
MMS
3:24 PM

https://store.malwarebytes.com/342/purl-premium-aff-wewemedia?x-clickref=1101IxPsDYLZ
5:59 PM

**Right conversation — (514) 557-3484**

1:05

(514) 557-3484

Friday, September 29, 2023

Detected a possible infection within your device. dgurnb.com/t1Jpa5 for initiating immediate safeguard actions.
MMS
7:20 PM

https://store.malwarebytes.com/342/purl-premium-aff-wewemedia?x-clickref=1101IxPEW6yL
7:45 PM



**Left conversation — (647) 801-4806**

Friday, September 29, 2023

Ensure uninterrupted membership. Visit dugfnd.com/ZiD6ml for immediate and hassle-free renewal.
MMS 11:51 AM

Critical Device Security Warning:

Your device is under threat with five identified security risks. It's crucial to address them immediately

uffrnf.com/9q6PIU
MMS 11:15 PM

https://www.mcafee.com /consumer/en-us/ipz/checkout /2web/payment.html?culture= en-us&noguid=5CA92774-8778 -4865-86C6-9D844412D781&affid =1494&SID=666824610&cjevent= dce6f9025f3f11ee81e9e1330a82b836 &csrc=cj&csrcl2= The+Affiliati+Network&ccoe=direct& ccoel2=am&cctype=partnerlinks_dc e6f9025f3f11ee81e9e1330a82b836& CID=242012&PID=100878273&cctype =desktop
11:21 PM

View all >

https://store.malwarebytes.com/342 /purl-premium-aff-wewemedia?x -clickref=1101lxPFLInq
11:24 PM

**Right conversation — (705) 345-2573**

This message is from an unsaved number. Beware of smishing and phishing.

Block number

Friday, September 29, 2023

Essential Notification: Protect vulnerable payment details by visiting duinfa.com/A3Vk1T urgently.
MMS 4:09 PM



**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 19 of Plaintiffs' Complaint and therefore denies the same.

20.    As shown in the above images, Plaintiff Stapinski continued to receive such text messages on her 1463 Number, including, without limitation, on September 27, 2023, September 28, 2023, and September 29, 2023.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 20 of Plaintiffs' Complaint and therefore denies the same.

21.    Plaintiff Stapinski is the main user of the 1463 Number.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 21 of Plaintiffs' Complaint and therefore denies the same.

22.    Plaintiff Stapinski registered the 1463 Number on the national DNC registry on May 1, 2005, and it has been so registered at all relevant times.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 22 of Plaintiffs' Complaint and therefore denies the same.

**C.    Defendant's telemarketing to Plaintiffs violated the TCPA.**

23.    The subject text messages introduce an advertisement and constitute "telephone solicitations" under the TCPA because they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 23 of Plaintiffs' Complaint and therefore denies the same.

24.    Upon information and belief, the subject text messages to Plaintiffs were transmitted using an automated system that calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 24 of Plaintiffs' Complaint and therefore denies the same.

25.    The following facts strongly suggest that such automated technology to send the text messages at issue: (I) Plaintiffs never provided Defendant or Wewe Media with their phone numbers; (2) Plaintiffs have no existing business relationship with Defendant or Wewe Media; and (3) Defendant's text messages to Plaintiffs were generic and obviously prewritten and, thus, were designed for en masse transmission.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 25 of Plaintiffs' Complaint and therefore denies the same.

26.    Plaintiffs never provided Defendant or Wewe Media with prior express written consent, or any consent, to receive text messages using automated technology.

**ANSWER:** Malwarebytes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 as they pertain to Malwarebytes and therefore denies the same.  Malwarebytes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 which refer to unknown, non-parties and therefore denies the remaining allegations in paragraph 26 of Plaintiffs' Complaint.

27.     Plaintiffs never provided Defendant or Wewe Media with prior express written consent, or any consent, to receive telephone solicitation text message to their telephone numbers that were registered on the national DNC registry.

**ANSWER:** Malwarebytes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 as they pertain to Malwarebytes and therefore denies the same. Malwarebytes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 which refer to unknown, non-parties and therefore denies the remaining allegations in paragraph 27 of Plaintiffs' Complaint.

28.     Plaintiffs received the subject text messages while physically located in Indiana, and Defendant's violative conduct occurred in substantial part in Indiana.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny whether Plaintiffs received the subject text messages while physically located in Indiana and therefore denies the same. Malwarebytes denies any violative conduct. Malwarebytes denies the remaining allegations in paragraph 28 of Plaintiffs' Complaint.

29.     Defendant's telemarketing messages caused Plaintiffs and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, and violation of their statutory privacy rights.

**ANSWER:** Malwarebytes denies the allegations in paragraph 29 of Plaintiffs' Complaint.

**D.      Defendant is directly liable for violations of the TCPA alleged herein.**

30.      Defendant initiated or directed and controlled the initiation of the subject text messages to Plaintiffs and the Class on its own behalf and for its own benefit, and Defendant is, therefore, directly liable for the violations of the TCPA alleged herein.

**ANSWER:** Malwarebytes denies the allegations in paragraph 30 of Plaintiffs' Complaint.

31.      As shown in the above images, each text message that Plaintiffs received contained a URL link that directs to an internet shop hosted on Malwarebytes' website domain, which offers Malwarebytes products and services for sale ("https://store.malwarebytes.com").

**ANSWER:** Malwarebytes admits that the images contained in Plaintiffs' Complaint above purport to contain a URL link to the website https://store.malwarebytes.com. Malwarebytes denies any implication that it caused any of the text messages at issue to be sent to either plaintiff. Malwarebytes denies the remaining allegations in paragraph 31 of Plaintiffs' Complaint.

32.      Upon information and belief, Defendant sold goods and services to consumers, including in Indiana, via the URL link transmitted to consumers via Defendant's unlawful telemarketing campaign.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegations in paragraph 32 of Plaintiffs' Complaint and therefore denies the same.

33.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages it sent to advertise/promote its goods and services. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiffs and the Class members.

**ANSWER:** Malwarebytes denies the allegations in paragraph 33 of Plaintiffs' Complaint.

### E.     In the alternative, Defendant is vicariously liable for the violations of the TCPA alleged herein.

34.     In the alternative, Plaintiffs allege upon information and belief that the subject text messages to Plaintiffs were sent by Non-party Wewe Media, as an agent of Defendant, and on behalf of Defendant and, for Defendant's benefit and, thus, Defendant is vicariously liable for Wewe Media's violations of the TCPA.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny whether Wewe Media sent the subject text messages to Plaintiffs and therefore denies the same.  Malwarebytes denies that Wewe Media acted as an agent of Malwarebytes and denies that Wewe Media acted on behalf of and for Malwarebytes' benefit. Malwarebytes further denies that it is vicariously liable for any violations of the TCPA committed by Wewe Media.  Malwarebytes denies the remaining allegations in paragraph 34 of Plaintiffs' Complaint.

35.     Both the Seventh Circuit and the FCC recognize that "a defendant 'may be liable for TCP A violations by its representatives under a broad range of agency principles, under the federal common law of agency, including not only formal agency, but also principles of apparent authority and ratification"). *Bilek v. Fed. Ins. Co.*, 8

F.4th 581, 587 (7th Cir. 2021) (quoting *Dish Network, LLC*, 28 F.C.C. Red. 6574, 6584 (F.C.C. May 9, 2013)) (cleaned up).

**ANSWER:** Malwarebytes admits that paragraph 35 of Plaintiffs' Complaint purports to recite language from *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021). Malwarebytes states that *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021) speaks for itself and therefore denies any allegations in this paragraph inconsistent therewith. Malwarebytes denies the remaining allegations in paragraph 35 of Plaintiffs' Complaint.

36. The FCC has explained that "allowing the seller to avoid potential liability by outsourcing telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions." *In re DISH Network*, 28 FCC, at 6588. "This would particularly be so the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case." *Id.* "Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief." *Id.*

**ANSWER:** Malwarebytes admits that paragraph 36 of Plaintiffs' Complaint purports to recite language from *Dish Network, LLC*, 28 F.C.C. Red. 6574, 6584 (F.C.C. May 9, 2013). Malwarebytes states that *Dish Network, LLC*, 28 F.C.C. Red.

6574, 6584 (F.C.C. May 9, 2013) speaks for itself and therefore denies any allegations in this paragraph inconsistent therewith. Malwarebytes denies the remaining allegations in paragraph 36 of Plaintiffs' Complaint.

37. Non-Party Wewe Media is an affiliate marketer based in Singapore.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegation in paragraph 37 of Plaintiffs' Complaint and therefore denies the same.

38. Affiliate marketing is a marketing arrangement in which affiliates receive a commission for each visit, signup, or sale they generate for a merchant. This arrangement allows businesses to outsource part of the sales process.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegation in paragraph 38 of Plaintiffs' Complaint and therefore denies the same.

39. Defendant's website solicits applications from new "Affiliate Partners," offering them to "Become an Affiliate Partner" and promising "high conversion rates," "up to 30% commission for each sale," "receive commission 30 days within point-of-sale," "access to affiliate marketing promos," "access to affiliate e-manager," "45-day referral period," and "Malwarebytes handles product billing and support[.]"

**ANSWER:** Malwarebytes admits that the allegations in paragraph 39 of Plaintiffs' Complaint purport to recite statements found on Malwarebytes' website. Malwarebytes states that the website speaks for itself any attempts to construe it are denied. Malwarebytes denies the remaining allegations in paragraph 39 of Plaintiffs' Complaint.

40. Upon information and belief, Defendant maintains a contractual relationship with Wewe Media pursuant to which Wewe Media engages in affiliate marketing of Defendant's goods and services on behalf of Defendant, under Defendant's control, and for the benefit of Defendant by transmitting unsolicited telemarketing text messages in order to promote the sale of Defendant's goods or services in exchange for a commission on each sale.

**ANSWER:** Malwarebytes denies the allegations in paragraph 40 of Plaintiffs' Complaint.

41. Indeed, as shown in the above images of the subject text messages, the numerous text messages that Plaintiffs received each contain a URL link that directs to an online shop hosted on Defendant Malwarebytes' website domain, and that link includes an explicit reference to Wewe Media as the affiliate marketer that is entitled to receive a commission on any purchase of Defendant's goods or services that is completed through the link that was sent to Plaintiffs via the subject text messages ("...!purl-premium-*aff-wewemedia*?x-clickref=l l 0OlxPMigUp") (emphasis added).

**ANSWER:** Malwarebytes admits that the images contained in Plaintiffs' Complaint above purport to contain a URL link containing "...!purl-premium-*aff-wewemedia*?x-clickref=l l 0OlxPMigUp." Malwarebytes states that the URL link speaks for itself and any attempts to construe it are denied. Malwarebytes denies the remaining allegations in paragraph 41 of Plaintiffs' Complaint.

42. At all relevant times, Wewe Media acted with actual authority as Defendant Malwarebytes' agent in sending the text messages at issue, Defendant

controlled or had a right to control Wewe Media's actions, and Wewe Media's conduct fell within the scope of the agency and, thus, Defendant is vicariously liable for Wewe Media's violations of the TCPA.

**ANSWER:** Malwarebytes denies the allegations in paragraph 42 of Plaintiffs' Complaint.

43.     At all relevant times, Wewe Media acted with apparent authority from Defendant because Defendant, as the principal, wrote or otherwise acted toward Plaintiffs and the Class such that they would reasonably believe the principal consented to the agent's actions. Specifically, upon information and belief, Defendant granted Wewe Media a license to use Defendant's brand and intellectual property assets in order to market Defendant's products to Plaintiffs and the Class such that they reasonably believed that Defendant consented to Wewe Media's actions.

**ANSWER:** Malwarebytes denies the allegations in paragraph 43 of Plaintiffs' Complaint.

44.     At all relevant times, Defendant ratified Wewe Media's violations of the TCPA alleged herein because Defendant manifested assent and/or engaged in conduct that would reasonably imply consent, in that it contracted with Wewe Media to engage in affiliate marketing to promote the sale of its goods and services in exchange for a commission, and it knowingly accepted the benefits of Wewe Media's actions in that it received income from sales of its products that were completed through Wewe Media's unlawful telemarketing in violation of the TCPA.

**ANSWER:** Malwarebytes denies the allegations in paragraph 44 of Plaintiffs' Complaint.

45. Thus, if Defendant is not directly liable for the violations of the TCPA asserted herein (although it is), Plaintiffs plead in the alternative that Defendant is vicariously liable for the violations of the TCPA committed by its agent, Non-Party Wewe Media, on Defendant's behalf and for Defendant's benefit.

**ANSWER:** Malwarebytes denies the allegations in paragraph 45 of Plaintiffs' Complaint.

46. Upon information and belief, Wewe Media maintains and/or has access to outbound transmission reports for all text messages it sent to advertise/promote Defendant's goods and services. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiffs and the Class members.

**ANSWER:** Malwarebytes is without sufficient information to admit or deny the allegation in paragraph 46 of Plaintiffs' Complaint and therefore denies the same.

## CLASS ALLEGATIONS

47. Plaintiffs bring this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Classes:

The "No Consent" Class: All persons in the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) were sent a text message, (2) by or on behalf of Defendant, (3) to their cellular telephone number, ( 4) using the same equipment or type of equipment used to message Plaintiff, (5) and who did not give prior express written consent to receive such messages.

The "DNC Registry" Class: All persons in the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) were sent two or more text messages in any 12-month

period (2) by or on behalf of Defendant (3) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, (4) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days.

**ANSWER:** Malwarebytes admits that Plaintiffs purport to bring claims under Rule 23 and admits that they appear to have quoted the rule correctly. Malwarebytes denies any implication that Plaintiffs' claims qualify for class action treatment.

48.     The proposed Classes defined above are collectively referred to as the "Classes" or, at times, the "Class."

**ANSWER:** Paragraph 48 of Plaintiffs' Complaint is not an allegation of fact that can be admitted or denied. To the extent a response is required, Malwarebytes denies the allegations in Paragraph 48.

49.     Plaintiffs reserve the right to expand or narrow the definitions of each Class following discovery.

**ANSWER:** Paragraph 49 of Plaintiffs' Complaint is not an allegation of fact that can be admitted or denied. To the extent a response is required, Malwarebytes denies the allegations in Paragraph 49.

50.     Excluded from the Class is Defendant and its employees and agents.

**ANSWER:** Paragraph 50 of Plaintiffs' Complaint is not an allegation of fact that can be admitted or denied. To the extent a response is required, Malwarebytes denies the allegations in Paragraph 50.

51.     *Numerosity.* The members of the Class are so numerous that individual joinder is impracticable. Plaintiffs cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing

campaigns, Plaintiffs believe, and therefore allege upon information and belief, that each Class includes, at a minimum, 40 members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery, and identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**ANSWER:** Malwarebytes states paragraph 51 of Plaintiffs' Complaint is a legal conclusion not subject to admission or denial. To the extent a response is required, Malwarebytes denies the allegations in Paragraph 51.

52. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

a. Whether Defendant sent text messages to Plaintiffs and the Class using an automated telephone dialing system within the meaning of the TCPA;

b. Whether Defendant sent text messages to Plaintiffs and the Class while their telephone numbers were registered on the national DNC registry;

c. Whether Defendant's text messages constitute "telephone solicitations" under the TCPA;

d.  Whether Defendant can meet its burden of showing that it had express written consent to send text messages to Plaintiffs and the Class;

e.  Whether Defendant is liable to Plaintiffs and the Class for statutory damages, and the amount of such damages; and

f.  Whether Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER:** Malwarebytes states paragraph 52 of Plaintiffs' Complaint is a legal conclusion not subject to admission or denial. To the extent a response is required, Malwarebytes denies the allegations in Paragraph 52.

53.  *Typicality.* Plaintiffs' claims are typical of the claims of the members of the Class because they are based on the same factual and legal theories, Plaintiffs and the Class members were harmed by Defendant in the same way, and Plaintiffs are not subject to any unique defenses.

**ANSWER:** Malwarebytes states paragraph 53 of Plaintiffs' Complaint is a legal conclusion not subject to admission or denial. To the extent a response is required, Malwarebytes denies the allegations in Paragraph 53.

54.  *Adequacy of Representation.* Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action. Further, Plaintiffs have no interests that are antagonistic to those of the members of the Class.

**ANSWER:** Malwarebytes states paragraph 54 of Plaintiffs' Complaint is a legal conclusion not subject to admission or denial. To the extent a response is required, Malwarebytes denies the allegations in Paragraph 54.

55. *Superiority.* A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the amount of individual damages to each member of the Class resulting from Defendant's wrongful conduct does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

**ANSWER:** Malwarebytes states paragraph 55 of Plaintiffs' Complaint is a legal conclusion not subject to admission or denial. To the extent a response is required, Malwarebytes denies the allegations in Paragraph 55.

56. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

**ANSWER:** Malwarebytes states paragraph 56 of Plaintiffs' Complaint is a legal conclusion not subject to admission or denial. To the extent a response is

required, Malwarebytes denies Malwarebytes denies the allegations in paragraph 56 of Plaintiffs' Complaint.

## CAUSES OF ACTION

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiffs and the No Consent Class)

57.     Plaintiffs re-allege and incorporate by reference the allegations in paragraphs above as if fully set forth herein.

**ANSWER:** Malwarebytes realleges and incorporates by reference all answers to the allegations set forth above as if fully stated herein.

58.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ...to any telephone number assigned to a ... cellular telephone service[.]" 47 U.S.C. § 227(b)(l)(A)(iii).

**ANSWER:** Malwarebytes states that the allegations contained in paragraph 58 of Plaintiffs' Complaint purport to set forth or characterize a portion of the TCPA. Malwarebytes states that the TCPA and its legislative history speaks for itself and denies any allegations in paragraph 58 inconsistent therewith. Malwarebytes denies the remaining allegations in paragraph 58 of Plaintiffs' Complaint.

59.     It is a violation of the FCC regulations promulgated under and actionable through the TCPA to "initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party)

using an automatic telephone dialing system...to any telephone number assigned to a ... cellular telephone service[.]" 47 C.F.R. § 64.1200(a)(1)(iii).

**ANSWER:** Malwarebytes states that the allegations contained in paragraph 59 of Plaintiffs' Complaint purport to set forth or characterize a portion of the FCC regulations promulgated under the TCPA. Malwarebytes states that the FCC regulations and the TCPA and their legislative history speaks for itself and denies any allegations in paragraph 59 inconsistent therewith. Malwarebytes denies the remaining allegations in paragraph 59 of Plaintiffs' Complaint.

60. Additionally, it is a violation of those FCC regulations to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system ... other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made[.]" 47 C.F.R. § 64.1200(a)(2).

**ANSWER:** Malwarebytes states that the allegations contained in paragraph 60 of Plaintiffs' Complaint purport to set forth or characterize a portion of the FCC regulations promulgated under the TCPA. Malwarebytes states that the FCC regulations and the TCPA and their legislative history speaks for itself and denies any allegations in paragraph 60 inconsistent therewith. Malwarebytes denies the remaining allegations in paragraph 60 of Plaintiffs' Complaint.

61. As alleged herein, Defendant-and/or agents and/or third parties directed and/or controlled by Defendant-transmitted text messages using an automatic telephone dialing system, including calls that introduce an advertisement or

constitute telemarketing, to the cellular telephone numbers of Plaintiffs and members of the Class.

**ANSWER:** Malwarebytes denies the allegations in paragraph 61 of Plaintiffs' Complaint.

62. Defendant did not have prior express consent to send automated text messages to Plaintiffs and the members of the Class.

**ANSWER:** Malwarebytes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiffs' Complaint and therefore denies the same.

63. Defendant did not have prior express written consent to send automated text messages that introduce an advertisement or constitute telemarketing to Plaintiffs and the other members of the Class.

**ANSWER:** Malwarebytes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of Plaintiffs' Complaint and therefore denies the same.

64. Defendant, therefore, violated Section 227(b)(1)(A)(iii) and Sections 64.1200(a)(l)(iii) and (a)(2), promulgated thereunder.

**ANSWER:** Malwarebytes denies the allegations in paragraph 64 of Plaintiffs' Complaint.

65. As a result of Defendant's violations of the TCPA, Plaintiffs and the other members of the Class were harmed.

**ANSWER:** Malwarebytes denies the allegations in paragraph 65 of Plaintiffs' Complaint.

66.     Plaintiffs and the members of the Class are entitled to an injunction against Defendant's conduct. § 227(b)(3)(A).

**ANSWER:** Malwarebytes denies the allegations in paragraph 66 of Plaintiffs' Complaint.

67.     Under the TCPA, Plaintiffs and the Class are entitled to an award of statutory damages of $500.00 for each text message that violates the TCPA. § 227(b)(3)(B).

**ANSWER:** Malwarebytes denies the allegations in paragraph 67 of Plaintiffs' Complaint.

68.     Because Defendant knew that it did not have prior express written consent to send the subject text messages, and Defendant knew or should have known that it was using an automatic telephone dialing system, Defendant's violations of the TCPA were willful or knowing.

**ANSWER:** Malwarebytes denies the allegations in paragraph 68 of Plaintiffs' Complaint.

69.     Under the TCPA, Plaintiffs and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. § 227(b)(3)(C).

**ANSWER:** Malwarebytes denies the allegations in paragraph 69 of Plaintiffs' Complaint.

## COUNT 2

### Violation of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiffs and the DNC Registry Class)

70.    Plaintiffs re-allege and incorporate by reference the allegations in the paragraphs above, except for the allegations in the preceding Count, as if fully set forth herein.

**ANSWER:** Malwarebytes realleges and incorporates by reference all answers to the allegations set forth above as if fully stated herein.

71.    The TCPA establishes a national DNC registry of phone numbers of consumers who object to receiving telephone solicitations. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014.

**ANSWER:** Malwarebytes admits that paragraph 71 of Plaintiffs' Complaint purports to summarize language from *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014. Malwarebytes states that *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 speaks for itself and therefore denies any allegations in this paragraph inconsistent therewith. Malwarebytes denies the remaining allegations in paragraph 71 of Plaintiffs' Complaint.

72.    The FCC's implementing regulation under the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to[] [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-

call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Malwarebytes states that the allegations contained in paragraph 72 of Plaintiffs' Complaint purport to set forth or characterize a portion of the FCC regulations promulgated under the TCPA. Malwarebytes states that the FCC regulations and the TCPA and their legislative history speaks for itself and denies any allegations in paragraph 72 inconsistent therewith. Malwarebytes denies the remaining allegations in paragraph72 of Plaintiffs' Complaint.

73.     A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of... property, goods, or services, which is transmitted to any person, but excludes a call or message "to any person with that person's prior express invitation or permission" and "to any person with whom the caller has an established business relationship." § 64.1200(f)(l5).

**ANSWER:** Malwarebytes states that the allegations contained in paragraph 73 of Plaintiffs' Complaint purport to set forth or characterize a portion of the FCC regulations promulgated under the TCPA. Malwarebytes states that the FCC regulations and the TCPA and their legislative history speaks for itself and denies any allegations in paragraph 73 inconsistent therewith. Malwarebytes denies the remaining allegations in paragraph 73 of Plaintiffs' Complaint.

74.     Recently, the FCC "codif[ied] that the National DNC Registry's protections apply to text messages." *In re Targeting and Eliminating Unlawful Text Messages*, 89 FR 5177.

**ANSWER:** Malwarebytes admits that paragraph 74 of Plaintiffs' Complaint purports to summarize language from *In re Targeting and Eliminating Unlawful Text Messages*, 89 FR 5177. Malwarebytes states that *In re Targeting and Eliminating Unlawful Text Messages*, 89 FR 5177 speaks for itself and therefore denies any allegations in this paragraph inconsistent therewith. Malwarebytes denies the remaining allegations in paragraph 74 of Plaintiffs' Complaint.

75. A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)]," which includes Section 64.1200(c). § 227(c).

**ANSWER:** Malwarebytes states that the allegations contained in paragraph 75 of Plaintiffs' Complaint purport to set forth or characterize a portion of the FCC regulations promulgated under the TCPA. Malwarebytes states that the FCC regulations and the TCPA and their legislative history speaks for itself and denies any allegations in paragraph 75 inconsistent therewith. Malwarebytes denies the remaining allegations in paragraph 75 of Plaintiffs' Complaint.

76. Defendant violated Section 64.1200(c) by initiating, or causing to be initiated on its behalf, more than one telephone solicitation in a 12-month period to Plaintiffs and the members of the TCPA DNC Registry Class while their respective telephone numbers were registered on the National DNC Registry.

**ANSWER:** Malwarebytes denies the allegations in paragraph 76 of Plaintiffs' Complaint.

77.    As a result of Defendant's violations of the TCPA, Plaintiffs and the other members of the Class were harmed.

**ANSWER:** Malwarebytes denies the allegations in paragraph 77 of Plaintiffs' Complaint.

78.    Plaintiffs and the members of the Class are entitled to an injunction against Defendant's conduct. See § 227(c)(5)(A).

**ANSWER:** Malwarebytes denies the allegations in paragraph 78 of Plaintiffs' Complaint.

79.    Plaintiffs and the Class are entitled to an award of statutory damages of $500.00 for each text messages that violates the TCPA. See § 227(c)(5)(B).

**ANSWER:** Malwarebytes denies the allegations in paragraph 79 of Plaintiffs' Complaint.

80.    Because Defendant knew or should have known that it was sending telemarketing text messages to numbers on the national DNC registry without consent, Defendant's violations of the TCP A were willful or knowing.

**ANSWER:** Malwarebytes denies the allegations in paragraph 80 of Plaintiffs' Complaint.

81.    Plaintiffs and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. See§ 227(c)(5)(C).

**ANSWER:** Malwarebytes denies the allegations in paragraph 81 of Plaintiffs' Complaint.

## DEFENSES

Malwarebytes asserts the following defenses, without conceding that it bears the burden of persuasion.

## FIRST DEFENSE
## (STATUTE OF LIMITATIONS)

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SECOND DEFENSE
## (REASONABLE PROCEDURES)

At all times relevant to the Complaint, Malwarebytes acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known to them at the time they so acted. Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

## THIRD DEFENSE
## (INTERVENING CAUSES)

Plaintiffs' alleged injuries were not caused by Malwarebytes, but by independent intervening causes which had no relation in fact to any conduct of Malwarebytes.

## FOURTH DEFENSE
## (FAULT OF THIRD PARTIES)

Any injury or damage allegedly suffered by Plaintiffs was caused or contributed to by the negligence, fault, bad faith, breach of contract, or other wrongful

or tortious conduct of Plaintiffs and/or persons or entities other than Malwarebytes, and such conduct offsets, eliminates or comparatively reduces the liability, if any, of Malwarebytes.

## FIFTH DEFENSE
## (LACK OF STANDING)

To the extent Plaintiffs and members of the proposed class have not paid money, lost title to goods of value, suffered any other concreted or particularized harm, or are not in the zone of interests protected by the TCPA as a result of the conduct alleged, Plaintiffs and members of the proposed class lack standing to bring this suit under Article III of the United States Constitution.

## SIXTH DEFENSE
## (CIVIL PENALTIES UNCONSTITUTIONAL)

The penalties sought in Plaintiffs' Complaint violate the due process, equal protection, and/or excessive fines clauses of the United States and Indiana Constitutions.

## SEVENTH DEFENSE
## (CLAIMS NOT PROPERLY CERTIFIABLE UNDER FRCP 23)

Plaintiffs' claims cannot be properly certifiable under Federal Rule of Civil Procedure 23 because questions of fact relating to each individual putative class member predominate over the questions relating to the proposed class including whether each individual was contacted by Malwarebytes; whether each individual or an agent of that individual provided consent prior to the contact; the identity of the owner or regular user of each cellular telephone number called at the time each call was placed; and whether and when Malwarebytes had actual knowledge that a call

did not reach its intended recipient or that a cellular telephone number had changed owner or regular user.

## EIGHTH DEFENSE
## (ATTORNEYS' FEES)

Plaintiffs' Complaint, and each purported claim for relief alleged therein, fails to state facts sufficient to entitle Plaintiffs to an award of attorneys' fees in any amount.

## NINTH DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiffs' claims are barred in whole or in part to the extent that they failed to mitigate their alleged damages.

## TENTH DEFENSE
## (ESTOPPEL AND/OR WAIVER)

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and/or waiver.

## ELEVENTH DEFENSE
## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Malwarebytes reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Malwarebytes, Inc., prays as follows:

      (a)    That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(b)     That the Court deny class certification;

(c)     For costs of suit and attorneys' fees herein incurred; and

(d)     For such other and further relief as the Court may deem just and

proper.

Respectfully submitted,

*/s/ Kaylin O. Cook*
Kaylin O. Cook, IN 36921-49
PAGANELLI LAW GROUP
10401 N. Meridian Street, Suite 450
Indianapolis, IN 46290
Tel.: 317-550-1855
Fax: 317-569-6016
kcook@paganelligroup.com

*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Kaylin O. Cook*
Kaylin O. Cook